AKRON BAR ASSOCIATION *v.*
SINGLETON ET AL.

(No. UPL-90-1—Decided
December 17, 1990.)

BOARD OF COMMISSIONERS ON THE
UNAUTHORIZED PRACTICE OF LAW.

*James R. King,* for relator.
*Ronald R. Glassman,* for respondents.

*Opinion and Order.* This matter came before the Board of Commissioners on the Unauthorized Practice of Law for hearing on September 21, 1990. Members of the board present and participating in this decision were Kenneth F. Seibel, Chairman, Santiago Feliciano, Jr., Paul M. Greenberger, Jeffrey L. Maloon, Dennis E. Murray, Sr., D. John Travis, and John W. Waddy, Jr.

On September 4, 1990, the parties jointly filed a "Stipulation of Facts and Waiver of Notice and Hearing." Pursuant to that waiver, neither party nor their counsel appeared before the board.

Relator's complaint, filed January 25, 1990, alleged that respondent Gary Singleton is not an attorney at law and that he and his business, respondent Divorce Simplified, Inc., have engaged in the unauthorized practice of law by:

(a) advising and counseling residents of Ohio with respect to the laws of Ohio on divorce and dissolution of marriage, distribution of property and other matters related thereto;

(b) advising and counseling resi-

dents of Ohio on the preparation of items included with legal pleadings filed for divorce or dissolution in courts of the state of Ohio;

(c) preparing, on behalf of clients who are charged a fee, legal documents and pleadings filed in courts of the state of Ohio, including, but not limited to, petitions for dissolution of marriage, separation agreements, affidavits and verifications, judicial decrees and judgment entries, and visitation orders; and

(d) assisting clients who are charged a fee with the preparation and execution of the aforementioned legal documents.

Singleton is the owner and operator of Divorce Simplified, Inc. The stipulation of facts filed in this case states that respondents sell a "dissolution kit" in eleven Ohio counties. Clients complete an information sheet from which Singleton prepares and types a petition for dissolution of marriage, separation agreement, decree of dissolution, visitation order, and child support forms. Singleton then meets with the client to deliver the completed forms and to explain the procedures for filing the documents in court.

Section 2(A) of Gov. Bar R. VII states: "The unauthorized practice of law is the rendering of legal services for others by anyone not registered under Rule VI or Rule XI of the Rules for the Government of the Bar of Ohio." Since it is undisputed that Singleton is not an attorney and, therefore, is not registered in Ohio, the issue before this board is whether respondents' activities constitute "the rendering of legal services" and, therefore, the unauthorized practice of law.

After careful review and consideration of the pleadings, evidence, and stipulation, including the deposition of respondent Singleton and exhibits filed with the stipulation, it is the conclusion of this board, all members concurring, that relator has proven each of the allegations of the complaint to the extent required by Gov. Bar R. VII, that respondents have engaged in the unauthorized practice of law, and that relator should be authorized to proceed pursuant to Section 8 of Gov. Bar R. VII.

The board, all members concurring, therefore authorizes relator Akron Bar Association to commence an action in a court of competent jurisdiction for the purpose of obtaining a judicial determination whether respondents Gary Singleton and Divorce Simplified, Inc. have engaged in the unauthorized practice of law.

Notice of this authorization shall be served upon relator, respondents, all counsel of record, Disciplinary Counsel, and the Ohio State Bar Association.

Pursuant to Section 9 of Gov. Bar R. VII, relator may seek reimbursement from the board for its expenses and attorney fees incurred in the further prosecution of this matter.